IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TIMOTHY WAYNE OSBORNE,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | Case No: 5:25-cv-73-MTT-CHW |
| : | |
| **WARDEN BEASLEY,** *et al.*, : | |
| : | |
| **Defendants** : | |

# ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Timothy Wayne Osborne, a prisoner currently incarcerated at the Macon State Prison in Oglethorpe, Georgia, seeking relief under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed *in forma pauperis* in this action (ECF No. 2). For the following reasons, the Court **DISMISSES without prejudice** Plaintiff's claims against Defendant Beasley and the Macon State Prison pursuant to 28 U.S.C. § 1915A. Because Plaintiff's remaining claims arise from events occurring in Tattnall County and any potential Defendants would likely be located there, Plaintiff's remaining claims and any pending motions are **TRANSFERRED** to the Southern District of Georgia for further review under 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e).

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.  Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary

screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words,

the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.   Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his prior incarceration in the Smith State Prison in Glennville, Georgia, in September or October of 2023. ECF No. 1 at 5. Plaintiff contends he was assaulted and injured at the prison when he was placed in a cell with a high-ranking gang member after being refused protective custody. *Id.* at 5-6.

Plaintiff named several Smith State Prison officials as Defendants in this case, but he also named the warden of his current prison—Warden Beasley from Macon State Prison—as a Defendant. ECF No. 1 at 4. Plaintiff has not alleged any facts in the body

3

of his Complaint associating Defendant Beasley with any violation of his constitutional rights. Plaintiff's claims against Defendant Beasley should therefore be dismissed without prejudice. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

Although it is unclear, Plaintiff may also have intended to sue Macon State Prison itself. *See* ECF No. 1 at 4. Any such claims should also be dismissed. Pursuant to Fed. R. Civ. P. 17(b), the capacity to sue or be sued is determined by the law of the state where the district court is located. Thus, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities that can sue or be sued: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial person as the law recognizes as being capable to sue." *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1988) (quoting *Cravey v. Se. Underwriters Ass'n*, 105 S.E.2d 497, 501 (Ga. 1958)). A state prison does not fall into any of these categories, nor is it considered a "person" subject to suit under 42 U.S.C. § 1983. *See, e.g., Brannon v. Thomas Cnty. Jail,* 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam) (noting that a county jail "is not an entity capable of being sued under Georgia law"); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 61, 71 (1989) (affirming vacatur of judgment against state agency after concluding "that neither a State nor its officials acting in their official capacities are 'persons' under §

1983"); *Laster v. Ga. Dept' of Corr.*, Civil Action No. 5:21-cv-00464-TES, 2022 WL 4450485, at *3 (M.D. Ga. Sept. 23, 2022), *rev'd in part on other grounds*, No. 22-13390, 2023 WL 5927140 (11th Cir. Sept. 12, 2023) ("Georgia law makes it clear that individual prisons are not separate entities—rather, each prison is a unit of the Georgia Department of Corrections."). Because the Macon State Prison is not a proper party to this case, any claims Plaintiff intended to raise against the prison itself must should be dismissed.

As noted above, Plaintiff's claims arise from his treatment in Tattnall County, which is located in the Southern District of Georgia, and the Defendants who are employed by the prison also appear to be located there. Thus, after dismissing Defendant Beasley and the Macon State Prison, the Court can no longer discern a basis for venue in this Court, and a proper venue for this case would be in the Southern District. *See* 28 U.S.C. § 1391(b). Because it is unclear whether the statute of limitations would bar any potential claims Plaintiff may have, Plaintiff's remaining claims must be transferred to the Statesboro Division of the United States District Court for the Southern District of Georgia. *See* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"); 28 U.S.C. § 90(c)(6).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Beasley and the Macon State Prison itself are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A. The Clerk is also directed to **TRANSFER** this action and all pending motions to the Statesboro Division of the Southern District of Georgia for further review under 28

U.S.C. § 1915A and/or 28 U.S.C. § 1915(e).  *See Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, 953 (11th Cir. 2011) (per curiam) (affirming district court's dismissal of claims against remaining defendants under § 1406(a) after dismissing one defendant for lack of personal jurisdiction).

**SO ORDERED**, this 31st day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT